**UNITED STATES of America**

**v.**

**ONE 1954 "98" OLDSMOBILE CONVERTIBLE, Serial No. 549W2548, Motor No. U85183, Registered to Mrs. Nancy Calla, 1100 North Sixth Street, Harrisburg, Pennsylvania.**

Civ. A. No. 5489.

United States District Court
M. D. Pennsylvania.

June 6, 1957.

Robert J. Hourigan, U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for libellant.

Caldwell, Fox & Stoner, Harrisburg, Pa., for intervening petitioner.

FOLLMER, District Judge.

In this action the United States of America seeks to forfeit the defendant automobile under the provisions of 49 U.S.C.A. § 782, upon the ground that it had been used to transport and conceal a certain contraband commodity, to wit: 6 packages of heroin containing an aggregate of 7.3 grains of heroin hydrochloride, in violation of the laws and regulations of the United States of America dealing therewith.

The automobile was seized by the police of the City of Harrisburg, Pennsylvania, on October 14, 1955, and the seizure was adopted by the Federal Bureau of Narcotics on the same day, to wit: October 14, 1955.

On December 14, 1955, the Libel of the United States of America was filed, to which Nancy Calla as the registered owner of the automobile, filed an Answer on December 27, 1955.

On November 28, 1955 the said Nancy Calla filed a petition for the Remission of Forfeiture. Both the Answer and the Petition for Remission were sworn to and in both the affiant stated: "At the time of the convertible's seizure it had been

in the temporary custody of Nicholas J. Calla," son of claimant-petitioner.

Several pre-trial conferences were held at this point in an effort to effect an amicable adjustment of the matter. These efforts broke down and the claimant, Nancy Calla, then changed counsel and such new counsel was granted leave to amend the Answer. This amendment consisted of three additional paragraphs, 6, 7 and 8. Paragraphs 7 and 8 quote respectively a portion of an Act of the Commonwealth of Pennsylvania (Act of 1929, May 1, P.L. 905, Article VI, Section 620 as amended, 75 P.S. § 231) and an Act of Congress (49 U.S.C.A. § 782). Paragraph 6 reads as follows:

"Sixth: That at the time complained of in Paragraph 3 of the Libel, to wit: On or about October 14, 1955, the aforesaid vehicle was unlawfully in the possession of one Nicholas J. Calla, son of the claimant, who acquired possession thereof in violation of the criminal law of the Commonwealth of Pennsylvania, * * * "

Upon consideration of the pleadings, the testimony of witnesses taken orally before the Court, the exhibits offered by the respective parties, and the briefs and oral arguments of counsel of the respective parties, the Court now makes the following

### Findings of Fact

1. The petitioner, Nancy Calla, resides at 1100 North Sixth Street, Harrisburg, Dauphin County, Pennsylvania, where she operates a small grocery store.

2. Nicholas J. Calla lived with his mother, Nancy Calla, at the above address.

3. The petitioner is the owner of one 1954 "98" Oldsmobile Convertible, Serial No. 549W2548, Motor No. U85183, hereinafter referred to as the automobile.

4. Said automobile was bought by the petitioner for $4,300, the down payment of $1,429.50 was made out of the petitioner's funds, and all payments to date have been made by the petitioner from her own funds.

5. The financing of the purchase of the automobile was evidenced by a note of the said Nancy Calla dated May 10, 1954, in the sum of $3,080, payable in twenty-four consecutive monthly payments of $128.33 beginning June 10, 1954.

6. From some time during the month of August, 1955, until October 14, 1955, the automobile was parked on Herr Street just west of Sixth Street in the City of Harrisburg, which location is at the side of the petitioner's residence.

7. During the month of August, 1955, the petitioner having been put on notice that her son, Nicholas, was using narcotics, forbade him the use of the automobile.

8. Several times thereafter when petitioner's son, Nicholas, requested the use of the automobile, petitioner refused to grant such permission.

9. Petitioner's son did not request the use of the automobile on October 14, 1955, nor was permission to use the vehicle granted by the petitioner.

10. On October 14, 1955, without such permission, the petitioner's son took the automobile from its parking place.

11. Petitioner had no knowledge of the aforementioned taking and use.

12. During the aforementioned use, petitioner's son transported narcotics in the automobile.

13. As a result of the use of the automobile for the transportation of narcotics by the petitioner's son without the petitioner's knowledge or consent, said automobile was seized by the police of the City of Harrisburg on October 14, 1955, which seizure was adopted by the Bureau of Narcotics of the Government of the United States of America on October 14, 1955, under the Act of August 9, 1939, c. 618, Section 2, 53 Stat. 1291, 49 U.S.C.A. § 782.

14. Subsequent to the aforementioned seizure four payments were made on account of the purchase price of the au-

tomobile to the Central Trust Company which totaled $513.32, to wit:

| | | |
|---|---|---|
| October | 26, 1955 | $128.33 |
| November | 14, 1955 | 128.33 |
| December | 27, 1955 | 128.33 |
| January | 30, 1956 | 128.33. |

15. There is a balance now outstanding with Central Trust Company on the note aforesaid, which is owed by petitioner, Nancy Calla, in the sum of $520.-67 with accrued interest.

## Discussion

The right of the libellant to seize and enforce the forfeiture of a motor vehicle used in violation of the law is statutory and is governed by the Act of August 9, 1939, 49 U.S.C.A. §§ 781–788.

The pertinent portions of the Act are as follows:

Section 1 (49 U.S.C.A. § 781)

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any * * *, vehicle, or * * *; (2) to conceal or possess any contraband article in or upon any * * *, vehicle, * * *."

Section 2 (49 U.S.C.A. § 782)

, Any * * *, vehicle, * * * which has been or is being used in violation of any provision of section 781 of this title, * * * shall be seized and forfeited: * * * *Provided further*, That no * * *, vehicle, * * * shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such * * *, vehicle, * * * was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

The Act of May 1, 1929, of the Commonwealth of Pennsylvania, P.L. 905, Article VI, Section 620, as amended, (75 P.S. § 231) provides as follows:

"It shall be unlawful for any person to commit any of the following acts:

* * * * * *

"(e) To make use of or operate any motor vehicle or tractor without the knowledge or consent of the owner or custodian thereof.

* * * * * *

"Any person violating any of the provisions of subsections (e), * * * of this section shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions, be sentenced to pay a fine of not less than one hundred ($100) dollars and not more than five hundred ($500) dollars and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment."

■ The evidence here will not support a determination that at the time of the seizure Nicholas J. Calla was in lawful possession of the motor vehicle in question. The case is replete with contradictions. Nancy Calla gave every evidence of having considerable difficulty with the English language. Standing by itself the statement in the third paragraph of the original Answer, to wit: "At the time of the convertible's seizure it had been in the temporary custody of Nicholas J. Calla, son of claimant.," would constitute a formidable road block to petitioner's claim for remission. On the other hand, having in mind petitioner's limited knowledge of the English language, I am not convinced that she fully comprehended what she signed her name to.

■ Secondly, there was a lot of uncontradicted testimony to the effect that immediately on being advised that her son was dealing in narcotics she forbade him using the car, and that this injunction was made on a number of occasions. I am fully conscious of the fact that it has been frequently decided that a legal owner or vendor claimant is not entitled to relief from the forfeiture merely by

reason of good faith or innocence. United States v. Andrade, 9 Cir., 1950, 181 F.2d 42.

I detect another significant lapse in the testimony. On two occasions the United States Attorney addressed substantially the same question to two different witnesses. The inquiry was whether Nicholas J. Calla had a battery installed in the automobile on October 21, 1955, and a new battery installed in the automobile on October 22, 1955. To both questions the witnesses answered that they did not know. The Government did not follow this by the introduction of any testimony to establish such as a fact. I must, therefore, assume that Nicholas J. Calla did not have a battery or a new battery installed.

I am not convinced under the facts of this case that petitioner had any knowledge that her son had taken the automobile out in defiance of her specific refusal to permit him its use after she was informed that he was dealing in narcotics.

### Conclusion of Law

The automobile was not subject to seizure and forfeiture under the pertinent provisions of the Act, 49 U.S.C.A. §§ 781 and 782. The Libel must, therefore, be dismissed.