**UNITED STATES of America**

**v.**

**ONE 1971 PORSCHE COUPE AUTOMOBILE, VEHICLE IDENTIFICATION NUMBER 9111100355.**

**Civ. A. No. 73-875.**

United States District Court,
E. D. Pennsylvania.

Oct. 11, 1973.

James C. Sommar, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Edward F. Kane, Norristown, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is an action under the provisions of 49 U.S.C. §§ 781–788 and 21 U.S.C. § 881 for forfeiture of a motor vehicle used in the transporting of a contraband article, namely a quantity of heroin. Following hearing, I made certain oral findings of fact and afforded the parties an opportunity to submit memoranda of law as to whether the findings so made warranted or required a decree of forfeiture.

The facts, as earlier found by the court, may be summarized as follows:

■ Claimant purchased the vehicle in question, a Porsche, for approximately $8,000 in 1971. Although claimant titled the vehicle in his own name, it was purchased as a gift for his son who had just returned from military service. At the time claimant purchased the vehicle, he was aware that his son had become addicted to narcotics while serving with the Marine Corps in Vietnam. In January 1972, the Porsche, driven by claimant's son, was observed on two occasions at a residence in West Philadelphia which was under surveillance by Federal narcotics agents for suspected traffic in narcotics. On both occasions an occupant of the vehicle was seen leaving the vehicle, entering the suspect residence, emerging in a few minutes, re-entering the vehicle, after which the vehicle was driven off in the direction of the suburban community where claimant's son lived. On the second occasion, Federal narcotics agents followed the vehicle. When they encountered difficulty keeping the Porsche in view, they called upon local police (who knew claimant's son as a user and suspected trafficker in drugs), and requested assistance in apprehending the vehicle and its occupants.[1] As one of the local police cars closed in, the Porsche pulled onto the shoulder of the road. As it was coming to a stop, the police observed a white object being thrown from the occupant's side of the vehicle. A search of the area was made and two glassine packets of heroin were found. Claimant's son subsequently pleaded guilty in a local court to a charge of conspiracy to possess narcotic drugs.

### DISCUSSION

■ It should be noted at the outset that the courts are given little, if

[1]. Based on the summarized facts, the court found that the "police" (the Federal narcotics agents and the local police) had probable cause to believe that illegal narcotics would be found in claimant's car. It is by now well established that because of its mobility, an automobile may be searched on probable cause without a warrant in circumstances that would not justify a warrantless search of a house or office. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

any, discretion in forfeiture cases. Whatever discretion there is in these matters is committed to representatives of the executive branch of government, not to the judiciary. The United States Attorney initially exercises his discretion in determining whether to initiate a forfeiture action. When such proceedings are instituted, if a decision is rendered adverse to a claimant, the claimant may appeal to the Attorney General,[2] who may "remit or mitigate [the forfeiture] upon such terms and conditions as he deems reasonable and just" if he feels that "forfeiture was incurred without willful negligence or without any intention on the part of the petitioner . . . to violate the law," or that other "mitigating circumstances" exist. 19 U.S.C. § 1618. By "long-standing, judge-made rule" the Attorney General's decision is unreviewable. See, e. g., United States v. One 1970 Buick Riviera, 463 F.2d 1168, 1170 (5th Cir. 1972), and cases cited therein.

■■ In a forfeiture action the government bears the initial burden of showing probable cause for the institution of the suit. 19 U.S.C. § 1615; United States v. One 1950 Buick Sedan, 231 F.2d 219 (3d Cir. 1956). Based on the findings that heroin was thrown from the car and that subsequently claimant's son entered a guilty plea to the conspiracy charge, it is evident that the government had made out a sufficient showing of probable cause. The burden therefore shifts to the claimant who must present a valid defense in order to defeat the forfeiture action. 19 U.S.C. § 1615; United States v. One 1950 Buick Sedan, *supra,* at 223.

Claimant advances two arguments against forfeiture of the vehicle: (1) as the innocent owner of the vehicle, not involved in any way with the illegal activity, he should not be punished by forfeiture of his property; and (2) the small quantity of heroin involved in this case is not the type of narcotics traffic that the forfeiture statutes are intended to penalize. While both arguments are appealing, neither proves to be substantial upon analysis.

Traditionally, it was firmly established that personal property could be seized and forfeited even though the owner of the property was completely innocent of any conduct which could be characterized as criminal or even willfully negligent.[3] This principle "flowered upon the legal fiction that inaminate objects themselves are guilty of the wrongdoing and therefore it is they that are being punished." United States v. One 1971 Ford Truck, 346 F.Supp. 613, 618 (C.D.Cal.1972). In recent years, the courts have grown increasingly outspoken about the injustices which have flowed from this principle which Blackstone characterized as a "superstition" inherited from the "blind days" of feudalism. 1. W. BLACKSTONE, Commentaries, c. 8, *300. Both the Supreme Court and the lower Federal courts have expressed doubt as to whether forfeiture statutes which penalize the innocent can be reconciled with the Fifth Amendment's prohibition against taking "property . . . without just compensation."[4] In United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1972), discussing a different forfeiture statute, the court eased this constitutional tension by concluding that "it is manifest that [the forfeiture statute . . . is intended to impose a penalty only up-

---

2. While the statutory language seems to indicate that the decision is made by the Secretary of the Treasury, by Executive Order No. 6166 (June 10, 1933), authority was transferred to the Attorney General in cases in which judicial proceedings are instituted.

3. The cases affirming this principle are too numerous to cite. Some, but by no means all, are listed in United States v. One 1971 Ford Truck, 346 F.Supp. 613, 617–618 (C. D.Cal.1972).

4. See, e. g., Goldsmith-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921); United States v. One 1962 Ford T-Bird, 232 F.Supp. 1019 (N.D.Ill.1969); United States v. One 1961 Cadillac Hard Top Auto, 207 F.Supp. 693 (E.D.Tenn. 1962); United States v. One 1971 Ford Truck, supra.

on those who are significantly involved in a criminal enterprise." 401 U.S. 721–722, 91 S.Ct. 1045. The Fifth Amendment may well require that this limiting interpretation be given to all forfeiture statutes.

It must be emphasized, however, that the judicial reactions to the injustice of forfeiture have been limited to cases in which innocent parties are punished. When the loss of property is inflicted upon the innocent, it can only be justified by the increasingly outmoded legal fiction that the instrumentality is actually being punished. When the loss is visited upon the person whose conduct is criminal, the forfeiture can be viewed as an additional punishment, which, however harsh, can be imposed by an exercise of congressional judgment without serious constitutional objection.

■ In this case, the finding has been made that claimant is only the nominal owner of the Porsche. He had made a gift of the vehicle to his son, who had sole possession and exercised dominion and control over it. Because claimant's son is the actual owner,[5] the instant case is plainly distinguishable from those cases in which forfeiture has been denied. For example, in United States v. One 1971 Ford Truck, *supra*, it was undisputed that the claimant was the actual owner of the truck, and that he had forbidden his son to drive it except for a limited purpose on one occasion. In United States v. One 1954 "98" Oldsmobile Convertible, 152 F.Supp. 616 (M.D.Pa.1957), the evidence established that the owner of the seized car had prohibited her son from using it, and that on the occasion in question, he had taken it without her permission. The court there acknowledged that a legal owner is not entitled to relief merely by virtue of good faith, but refused to decree forfeiture in the face of the owner's specific injunction forbidding her son to use the car.

In sum, claimant here is not the innocent victim of an unjust forfeiture; he lacks the requisite real interest in the car. Under the circumstances present here, it is claimant's son who will suffer the loss occasioned by forfeiture, and he was by no means innocent with respect to the prohibited activity. To deny forfeiture under the facts of this case would require me to go considerably beyond what any court has yet held.

Claimant's other argument is that a vehicle is subject to forfeiture only when it is a substantial incident in traffic of narcotics, i. e., when it makes a series of illegal conveyances or carries a substantial amount of contraband. Claimant contends that the vehicle seized here should not be forfeited since it was carrying only an amount of narcotics suitable for personal use of an addict.

The statutory language furnishes no support for this distinction. 49 U.S.C. § 781 provides:

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article, in, upon, or by means of any . . . vehicle . . .; (2) to conceal or possess any contraband article in or upon any . . . vehicle . . ., or upon the person of anyone in or upon any . . . vehicle . . .; or (3) to use any . . . vehicle . . . to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

"(b) As used in this section, the term 'contraband article' means—

(1) Any narcotic drug . . . which has been acquired or is pos-

---

5. For the purpose of this discussion, the fact that claimant in the instant case knew of his son's addiction has been de-emphasized. Under other circumstances, his knowledge might be significant. For instance, if claim- ant were the actual owner, and he lent the vehicle to his son with knowledge of the boy's addiction, it could well be argued that claimant was not sufficiently "innocent" to merit relief from the forfeiture statutes.

sessed, sold, transferred, . . . in violation of any laws in the United States dealing therewith . . . . "

49 U.S.C. § 782 provides:

"Any . . . vehicle . . . which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited . . . . "

Moreover, 21 U.S.C. § 881 states in pertinent part:

"(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\* \* \* \* \* \*

(4) All conveyances, including . . . vehicles . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [all controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of (21 U.S.C. §§ 844, 846)].

██ Given this sweeping statutory language, it is impossible to conclude that Congress was concerned only with large scale trading in narcotics. The intent is clearly expressed to make unlawful (and therefore subject to forfeiture) the use of any vehicle for transporting, concealing or possessing *any* contraband article, and further to make unlawful the use of any vehicle to *facilitate* concealment, possession, purchase, sale, etc. of any contraband article. The statute clearly requires forfeiture where any contraband article has been physically within the vehicle. This conclusion is underscored by the cases on point. In Associates Investment Co. v. United States, 220 F.2d 885 (5th Cir. 1955), for example, forfeiture was ordered when two partially smoked marijuana cigarettes were found in a vehicle. The Court of Appeals there noted that so long as contraband was concealed or possessed in the vehicle, it was unnecessary to show anything more. The small amount involved and the fact that only one illegal incident took place were both irrelevant. A similar conclusion was reached in United States v. One 1957 Oldsmobile, 256 F.2d 931 (5th Cir. 1958), where forfeiture was ordered although only 13 grams of marijuana, enough for 4 to 9 cigarettes, were found.

Claimant's reliance on United States v. One 1965 Cadillac 2-Door Coupe, 260 F.Supp. 761 (W.D.Pa.1966) is misplaced. While the court there did state that "the transportation must be a substantial incident of the traffic in contraband articles," 260 F.Supp. at 762, a full reading of the case makes it obvious that forfeiture was denied because of the unique fact situation presented. The car in that case was involved in merely "local movement in a parking lot;" moreover, the court believed that the weapon found in the car which became the basis for the government's forfeiture action was "accidentally dropped by an assailant" or " 'planted' there to get rid of a 'hot' item." 260 F.Supp. at 762–763. Given these facts, the case provides little in the way of helpful guidance, and the statement on which the claimant relies must be viewed as sheer dictum.

When I announced my findings of fact in open court, I commented that the government's action in seeking forfeiture in this case was harsh, particularly in light of the testimony that claimant's son had become addicted to drugs while in the military service. Forfeiture under such circumstances *is* harsh, but as the Court of Appeals for this Circuit noted in an earlier forfeiture case, "however sympathetic we may be, we are bound when Congress, in the proper and prudent exercise of its authority, has spoken." United States v. One 1950 Buick Sedan, 231 F.2d 219, 223 (3d Cir. 1956). See also United States v. One 1957 Oldsmobile Automobile, 256 F.2d 931 (5th Cir. 1958); United States v. Addison, 260 F.2d 908 (5th Cir. 1958).

An order of forfeiture will be entered.