**UNITED STATES of America**

v.

**ONE 1971 CHEVROLET CORVETTE, AUTOMOBILE, VEHICLE IDENTIFICATION NO. 194371S119217.**

Civ. A. No. 75–145.

United States District Court,
E. D. Pennsylvania.

May 9, 1975.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

A. Martin Herring, Teitelman & Herring, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This is an action brought by the government pursuant to 49 U.S.C. § 781 et seq., for forfeiture of an automobile. At the close of the hearing in this matter, oral findings of fact were made and I granted the parties additional time to submit memoranda of law as to whether these findings warranted a forfeiture decree. A brief summary of the facts, earlier found, follows:

Claimants Morey and Susan Fisher, husband and wife, are owners as tenants by the entireties under Pennsylvania law of a 1971 Chevrolet Corvette automobile. The vehicle was purchased with Mrs. Fisher's earnings, was used predominantly by her and claimants considered it to be "her" car. Morey Fisher (Fisher) has a history of criminal activity and his wife warned him on numerous occasions not to involve her property, in-cluding this automobile, in any illegal activity. Notwithstanding such knowledge, Mrs. Fisher did title the automobile in both names and did permit her husband to use it occasionally and even gave him a set of keys for the vehicle.

On May 3, 1974, Fisher was arrested by local police near a shopping mall in Lower Southampton Township, Pennsylvania, with forty-two counterfeit twenty dollar bills in his possession. He was taken to the local police station. An agent of the United States Secret Service, whose duties include the detection and arrest of individuals engaged in counterfeiting activities, was informed of the arrest. The Secret Service agent visited Fisher at the police station and advised him of his constitutional rights. Fisher signed a written waiver of rights and agreed to cooperate.

Fisher admitted that he purchased the counterfeit twenty dollar bills on the evening of May 2, and then passed six of these bills in the shopping mall on May 3, 1974. In response to an inquiry, Fisher informed the agent that he had driven to the mall, with the currency in his possession, in a 1971 Chevrolet Corvette. After obtaining Fisher's statement, the Secret Service agents seized the vehicle which has since been held in storage pending the outcome of these proceedings. Fisher subsequently pleaded guilty to a charge of passing counterfeit currency in violation of 18 U.S.C. § 472. Mrs. Fisher had no knowledge that her husband had driven the vehicle, nor that he intended to engage in illegal activity on May 3, 1974.

## DISCUSSION

Title 49 U.S.C. § 782 provides that any vehicle used in violation of § 781 shall be "seized and forfeited." Section 781 provides that:

"(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or

aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article."

Contraband, as defined in § 781, includes counterfeit currency. 49 U.S.C. § 781(b)(3).

■ In a forfeiture proceeding, the government bears the initial burden of showing that probable cause existed for the institution of the suit. 49 U.S.C. § 784, 19 U.S.C. § 1615, United States v. One 1950 Buick Sedan, 231 F.2d 219 (3d Cir. 1956). The government's complaint alleges that the seized vehicle was used to "facilitate the transportation, carriage, conveyance . . ." of the counterfeit currency. 49 U.S.C. § 781(a)(3).

■ Claimants, citing Howard v. United States, 423 F.2d 1102 (9th Cir. 1970), contend that the vehicle merely enabled Fisher to commute to the mall and was not used to "facilitate" the couterfeiting offense. The Ninth Circuit in Howard reversed a conviction based on transportation of illegally imported heroin and marihuana. Defendant Howard had driven in a Buick automobile to a predetermined rendezvous site to pick up a shipment of marihuana. He parked the Buick, found a second car loaded with the marihuana and drove it away. The authorities, who had placed the second vehicle under surveillance, arrested Howard and also seized and searched the Buick and found heroin in it. The separate charge of transportation of heroin depended upon the validity of the search of the Buick, which search was justified solely as incident to a seizure under the automobile forfeiture statute for the transportation of marihuana. The seizure, in turn, was valid only if there was probable cause to believe the Buick "facilitated" the transportation of the marihuana. The Court there held that there was no probable cause since the

Buick had been used merely as a means of locomotion to the site of the illegal activity involving marihuana. It declared the heroin seizure invalid and noted, 423 F.2d at 1103: "there was no evidence that the seizing officers had cause to believe that the Buick *then contained, or ever had contained, contraband.* Nor was there any evidence that an illegal transaction had taken place within the vehicle." (Emphasis added)

In sharp contrast to *Howard,* in the instant case Fisher admitted driving to the mall with the counterfeit currency in his possession. The Third Circuit has defined the term "facilitate" as used in this statute as " 'to make easy or less difficult' " citing Webster's Dictionary. United States v. One 1950 Buick Sedan, *supra,* at 222. Fisher's admission, together with the information furnished by the police that he has been arrested with counterfeit currency in his possession furnished adequate basis for probable cause to believe that the vehicle had "facilitated" the illegal act under § 781 (a)(3). It was also sufficient for probable cause to believe that the vehicle, while in Fisher's possession, was used to "transport" (§ 781(a)(1)) and "conceal or. possess" (§ 781(a)(2)) the contraband. As one Court has stated: "It is clear that any intentional transportation or concealment of contraband in a conveyance, no matter how small the amount, will subject the conveyance to forfeiture," [Citations omitted] United States v. One 1972 Datsun, 378 F. Supp. 1200, 1202 (D.N.H.1974), and as I stated in an earlier opinion, United States v. One 1971 Porsche Coupe, 364 F.Supp. 745, 749 (E.D.Pa.1973): "The statute clearly requires forfeiture where any contraband article has been physically within the vehicle."

Once probable cause is established, forfeiture will be ordered unless claimants can present a valid defense to the action. 19 U.S.C. § 1615, United States v. One 1950 Buick Sedan, *supra,* at 223. Claimants' major contentions are that

(1) since title to the car was held as tenants by the entireties, the wife's property interest could not be destroyed by acts of her husband, and (2) even if the nature of the title is insufficient to prevent forfeiture, the wife is an innocent owner of the vehicle and therefore it cannot be forféited.

Tenancy by the entireties is a form of title recognized in Pennsylvania since at least the early 19th Century. Lewis v. United States, 485 F.2d 606, 610 (Ct.Cl. 1973), citing Fairchild v. Chastelleux, 1 Pa. (Barr) 176, 44 Am.Dec. 117 (1845); Biehl v. Martin, 236 Pa. 519, 84 A. 953 (1912). Real and personal property may be titled in this manner by husbands and wives. Spinelli v. Spinelli, 264 F.Supp. 107 (E.D.Pa.1967), Blumner v. Metropolitan Life Ins. Co., 362 Pa. 7, 66 A.2d 245 (1949). "To the four unities of a joint tenancy [interest, title, time and possession] . . . is added the unity of the husband and wife as a person in the law" to create tenancy by the entireties. Madden v. Gosztonyi S. & T. Co., 331 Pa. 476, 481, 200 A. 624, 627 (1938). As the Pennsylvania Supreme Court in Berhalter v. Berhalter, 315 Pa. 225, 227, 173 A. 172, 173 (1934), has stated: "The theory of joint estates of this character is that each of the tenants holds the entire estate by the half and by the whole. . . . One of the parties cannot destroy the incidents of the entirety by any act of his or hers. Beihl v. Martin, 236 Pa. 519, 84 A. 953." See also, Shapiro v. Shapiro, 424 Pa. 120, 224 A.2d 164 (1966); Nachman v. Nachman, 417 Pa. 389, 208 A.2d 247 (1965).

 Claimants contend that since neither spouse may be permitted to destroy a tenancy by the entireties, no forfeiture may be ordered. This contention misconstrues the basic nature of a forfeiture proceeding which is considered an *in rem* action against the vehicle. United States v. One 1967 Buick Riviera, 439 F.2d 92 (9th Cir. 1971). The forfeiture provisions are concerned primarily with possession, not title or ownership of a vehicle. It has been stated countless times that the innocence, noninvolvement and lack of negligence of the owner of a seized vehicle is not a defense in a forfeiture action. See United States v. One 1972 Toyota Mark II, 505 F.2d 1162, 1165 (8th Cir. 1974), and citations contained therein.

The Supreme Court in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), recently had occasion to discuss circumstances under which forfeiture of an owner's interest might be precluded. In *Pearson,* the owner leased a yacht to two Puerto Rican residents. Authorities in Puerto Rico discovered contraband (marihuana) on the vessel and seized it. After the yacht had been forfeited to the Puerto Rican government, the owner learned of the events that had transpired and brought suit, contending that seizure without notice violated due process and that the forfeiture deprived it of property without just compensation. A three-judge district court ruled in favor of the owner on both contentions. The Supreme Court reversed. In its opinion the Court traced the history of forfeiture, emphasizing the numerous circumstances under which the innocence of the owner is irrelevant. The Court did briefly advert to narrowly circumscribed instances in which an innocent owner of a seized vessel or vehicle might be protected. 416 U.S. at 689–90, 94 S.Ct. at 2094:

"It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent. See Peisch v. Ware, supra [4 Cranch 347 (1808)], at 364 [2 L.Ed. 643]; J. W. Goldsmith, Jr.-Grant Co. v. United States, supra, 254 U.S. [505] at 512 [41 S.Ct. 189, at 191, 65 L.Ed. 376]; United States v. One Ford Coupe Automobile, supra, 272 U.S. [321], at 333 [47 S.Ct. 154

at 158, 71 L.Ed. 279]; Van Oster v. Kansas, supra, 272 U.S. [465], at 467 [47 S.Ct. 133, at 134, 71 L.Ed. 354]. Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive."

In *Pearson*, the Court noted that the yacht company had voluntarily entrusted lessees with possession of the yacht, and no allegation had been made or proof offered that the company did all it reasonably could to avoid having its property put to illegal purposes, and therefore held forfeiture was proper.

■ Arguing from the dictum in *Pearson*, claimants contend that Mrs. Fisher was the innocent owner of the vehicle, uninvolved in and unaware of her husband's criminal activity, and that she had done all that could reasonably be expected to prevent illegal use of her property. Setting aside for the moment the question of title ownership to the vehicle, it is clear that Mrs. Fisher did not take all steps that could reasonably be expected to prevent her husband from using the vehicle for illicit purposes. Her testimony was that she did permit her husband to use the vehicle and that she even gave him a set of keys for his use. In light of the husband's criminal background, this would have been enough to warrant forfeiture of her vehicle. To that must be added, in this case, the fact that Mrs. Fisher voluntarily titled the vehicle in the names of both as tenants by the entireties. With this title ownership, under Pennsylvania law, under which each tenant by the entireties owns the whole, and each has the right to possess, use and enjoy the property so owned, Madden v. Gosztonyi S. & T. Co., *supra*, 331 Pa. at 482, 200 A. 624, it is at least questionable that Mrs. Fisher had the power to restrict her husband's use of the vehicle.

The circumstances outlined above clearly distinguish the instant case from United States v. One 1971 Ford Truck, 346 F.Supp. 613 (C.D.Cal.1972), relied on by claimants. In that case, the owner of the vehicle had forbidden his son to use it except on the single occasion, and for the sole purpose, of taking owner's wife to the airport, and forfeiture was denied when the son, on a separate occasion, and in specific violation of his father's orders, used the vehicle for the sale of firearms. See also United States v. One 1954 "98" Oldsmobile Convertible, 152 F.Supp. 616 (M.D.Pa.1957).

■ Finally, claimants contend that forfeiture must be denied because the information leading to the seizure of the vehicle was obtained in violation of Fisher's Fifth Amendment rights against self-incrimination. Claimants contend that the constitutional warnings given by the Secret Service agent were insufficient to put Fisher on notice that forfeiture of his car was a possible consequence of his illegal activity and therefore violated his Fifth Amendment rights. Claimants have cited no case law supporting this proposition and I have found none requiring a "specific warning" to a defendant as to possible criminal penalties against him, or as to possible forfeiture proceedings against an offending vehicle, for commission of a counterfeiting offense. An order granting forfeiture will be entered.