UNITED STATES of America

v.

ONE 1976 CHEVROLET CORVETTE,
SERIAL NO. 1Z37L6S419778.

Civ. A. No. 78–609.

United States District Court,
E. D. Pennsylvania.

July 18, 1979.

Otis R. Johnson, Spec. Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Nino V. Tinari, Stephen P. Patrizio, Philadelphia, Pa., for defendant.

## MEMORANDUM, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

HUYETT, District Judge.

The United States has commenced condemnation and forfeiture proceedings against one 1976 Chevrolet Corvette, Serial No. 1Z37L6S419778. Claimant Diane Morales as alleged owner seeks return of the vehicle. All parties agree that jurisdiction of this action exists under 28 U.S.C. § 1355. Claimant has stipulated that the government has met its initial burden of showing probable cause for the institution of the proceedings. *See United States v. One 1971 Chevrolet Corvette*, 393 F.Supp. 344, 346 (E.D.Pa.1975). Following a non-jury trial, I make the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The stipulation of uncontested facts, attached hereto as Exhibit 1, is adopted, and incorporated herein by reference.

2. On September 14, 1977, when Carmen Garcia sold heroin to an individual cooperating with the Drug Enforcement Administration, and when Carmen Garcia was operating defendant vehicle, the vehicle was registered to Adalberto Torres, 12203 Barbary Rd., Philadelphia, Pa.

3. Claimant Diane Morales purchased defendant vehicle from Adalberto Torres on September 28 or 29, 1977, for approximately $4,000.00 cash.

4. Claimant Diane Morales applied for and received a temporary registration certificate for defendant vehicle on October 1, 1977, after purchasing defendant vehicle from Adalberto Torres.

5. On October 31, 1977, a certificate of title to a motor vehicle for defendant vehicle was issued to claimant by the Department of Transportation of the Commonwealth of Pennsylvania.

6. On September 14, 1977, defendant vehicle was neither owned by claimant Diane Morales, titled to her, in her possession or custody, nor in any manner under her control.

7. No evidence was introduced in this proceeding linking defendant vehicle with the transportation, possession, or sale of any contraband article after September 14, 1977.

8. No evidence was introduced in this proceeding upon which to base a finding that the purchase of defendant vehicle by claimant Diane Morales was a sham transaction intended to avoid the operation of any forfeiture statute.

9. No evidence was introduced in this proceeding upon which to base a finding that claimant Diane Morales was aware of the sale of heroin conducted by Carmen Garcia on September 14, 1977.

10. After she purchased defendant vehicle, claimant Diane Morales rented a garage from Carmen Garcia in which she stored defendant vehicle.

11. Defendant vehicle was seized from the garage claimant rented from Carmen Garcia on November 22, 1977.

12. Claimant Diane Morales did not give Carmen Garcia permission to use defendant vehicle after she purchased it.

13. Claimant Diane Morales did all that reasonably could be expected to prevent the defendant vehicle from being used to facilitate the transportation, sale, possession, or concealment of any article of contraband.

14. Claimant Diane Morales was not involved in the illegal transactions upon which this forfeiture action is based.

15. At the time she purchased defendant vehicle and up until at least the time the vehicle was seized, claimant Diane Morales was unaware of the illegal transactions upon which this forfeiture action is based.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under 28 U.S.C. § 1355.

2. The Government had probable cause to institute forfeiture proceedings against defendant vehicle. 21 U.S.C. § 881(d); 19 U.S.C. § 1615.

3. Following establishment of probable cause to institute the proceeding, the burden of proof is on the claimant to establish a valid defense.

4. Claimant Diane Morales has established a valid defense to the forfeiture of defendant vehicle since:

a. At the time defendant vehicle was used to facilitate the sale or transportation of contraband, the vehicle was neither owned by her, titled to her, in her possession or custody, nor in any manner under her control;

b. She was uninvolved in and unaware of the wrongful activity;

c. She did all that reasonably could be expected to prevent the proscribed use of her property;

d. Prior to the time she purchased defendant vehicle, or the vehicle was in some other manner under her control, she had no duty to prevent the use of defendant vehicle in illegal activity;

e. Her purchase of defendant vehicle was a bona fide purchase and was not a sham transaction intended to avoid the operation of any forfeiture statute.

5. Under the facts of this case, as found *supra*, forfeiture of claimant's vehicle would constitute an unconstitutional deprivation of property. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689–90, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

6. The claim of Diane Morales to rightful possession and ownership of defendant vehicle is granted and defendant vehicle is not forfeited to the United States.

## MEMORANDUM

██ Forfeiture proceedings, such as the instant action, are generally considered as *in rem* actions against the vehicle. *United States v. One 1971 Chevrolet Corvette*, 393 F.Supp. 344, 347 (E.D.Pa.1975). For this reason, it has been stated that "the innocence, non-involvement and lack of negligence of the owner of a seized vehicle is not a defense in a forfeiture action." *Id.* However, in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), the Court alluded to the possibility that in certain situations an innocent owner may prevail:

It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent. [Citations omitted]. Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive.

*Id.* at 689–90, 94 S.Ct. at 2094–2095. (footnote omitted).

We believe that the instant action is one of the "narrowly circumscribed instances" in which operation of the forfeiture statutes against an innocent owner would constitute an unconstitutional deprivation of property. *United States v. One 1971 Chevrolet Corvette, supra*, 393 F.Supp. at 347. In this case, the only use of the defendant vehicle upon which the government relies occurred two weeks before claimant purchased the vehicle. Claimant has testified, and we have credited her testimony, that she was unaware of and uninvolved in the use of defendant vehicle to facilitate the transportation, sale, or possession of contraband prior to the time she purchased the vehicle. We note parenthetically that the government has introduced no evidence contradicting claimant's testimony in this regard or linking her to the transaction in any way. We further note that the government has not established that defendant vehicle was ever used to facilitate the transportation, sale, or possession of contraband after claimant purchased it. Claimant therefore clearly stands in different shoes than appellee in *Calero-Toledo, supra*, who "voluntarily entrusted the lessees with possession of the yacht" and who made no allegation or proof that "the company did all that it reasonably could to avoid having its property put to an unlawful use." 416 U.S. at 690, 94 S.Ct. at 2095.

Simply put, the defendant vehicle was not claimant's property at the time it was put to an illegal use, nor did she at the time exercise any control over it. We have found that claimant proved that she purchased defendant vehicle in a bona fide transaction after its illegal use and that she was innocent of any knowledge of or involvement with the illegal use. In this peculiar factual situation, "it would be difficult to conclude that forfeiture [serves] legitimate purposes and [is] not unduly oppressive." *Calero-Toledo v. Pearson Yacht Leasing Co., supra*, 416 U.S. at 689–90, 94 S.Ct. at 2095.

EXHIBIT 1

## STIPULATION OF UNCONTESTED FACTS

AND NOW come the United States of America, plaintiff herein by its attorneys, Peter F. Vaira, United States Attorney in and for the Eastern District of Pennsylvania, and Roland L. Vaughan, Jr., Special Assistant United States Attorney in and for the Eastern District of Pennsylvania, and petitioner Diane Morales, by her attorneys, Nino V. Tinari and Steven Patrizio, and stipulate to the following uncontested facts, pursuant to this Court's Order of February 5, 1979:

1. On or about September 14, 1977 an individual cooperating with the Drug Enforcement Administration met with Carmen Garcia at Tito's Arco Station, at the corner of 5th and Erie Avenue in Philadelphia, Pa.

2. Garcia was on that date operating a red 1976 Chevrolet Corvette, identification # 1Z37L6S419778, the defendant vehicle.

3. The individual cooperating with the DEA paid $2,700.00 to Garcia and received from her, a brown powder.

4. The $2,700.00 was supplied by the DEA.

5. The brown powder was delivered to a DEA agent, S/A Vincent J. DiStefano, by the informant; the DEA agent field tested it and detected a positive reaction for an opiate derivative.

6. S/A DiStefano identified and sealed the brown powder and mailed it to the DEA Northeast Regional laboratory, New York, New York.

7. If the DEA chemist were to testify at trial, he would testify to the facts set forth in his written report (copy attached as Exhibit "A").

8. The brown powder delivered by Carmen Garcia on September 14, 1977

was heroin, a "contraband article" within the meaning of 49 U.S.C. § 781 and 21 U.S.C. § 881.

9. The brown powder which is the subject of the DEA chemist's report is the same substance delivered to the informant by Carmen Garcia.

[10. Stricken]

11. The defendant vehicle was seized from inside a garage located in the 400 block of Airdrie Street, Philadelphia, Pa.

12. As of September 14, 1977 the defendant vehicle was registered to Adalberto Torres, 12203 Barbary Rd., Philadelphia, Pa. and displayed Pennsylvania license number 145–676.

13. At the time of seizure, the defendant vehicle contained a temporary registration card showing it to have been registered to Diane Morales as of October 1, 1977. Adalberto Torres was listed as the previous owner.

[14. Stricken]

15. The defendant vehicle has an estimated value of $5,600.00.

16. On or about October 4, 1977, Carmen Garcia was observed by DEA agents operating the defendant vehicle.

17. On October 4, 1977 Garcia delivered 64.7 grams of heroin to a person cooperating with the DEA inside a garage in the 400 block of Airdrie Street, Philadelphia, Pa.

FOR THE GOVERNMENT:

PETER F. VAIRA
United States Attorney

18. Diane Morales was not arrested or indicted for any of the transactions alleged herein.

EXHIBIT "A"

