487 So.2d 303 (1986)
Gertrude GROSS, Appellant,
v.
CITY OF WILTON MANORS, State of Florida, Appellee.
No. 84-1712.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing Denied May 12, 1986.
Ronald R. Rogowski, Fort Lauderdale, for appellant.
George Brescher and Morris C. Tucker of Lunny, Tucker & Karns, Fort Lauderdale, for appellee.
HURLEY, Judge.
This appeal challenges the forfeiture of an automobile which was used to facilitate the commission of a robbery.[1] We affirm.
The defendant's mother, the registered owner of the vehicle, sought to prevent forfeiture by invoking section 932.703(2), Florida Statutes (1985). To prevail under this section, she had to prove, by a preponderance of the evidence, that she either did not know, or should not have known, following a reasonable inquiry, that her vehicle would be used for criminal activity. See generally In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars, 432 So.2d 1382 (Fla. 4th DCA 1983); see also Wheeler v. State, 472 So.2d 847 (Fla. 1st DCA 1985); In re Forfeiture of Blue 1979 Two-Door Toyota, 441 So.2d 697 (Fla. 4th DCA 1983).
Although the mother's testimony is studded with contradictions, it does contain an admission that she "knew he had his drug problem and [she] knew that [she] couldn't trust him, so [she] couldn't give him permission to use the car all the time." Despite the realization that her son was likely to use the vehicle for criminal purposes, the record also indicates that the mother gave the son "total use" of the car for two months prior to the robbery. Indeed, the vehicle had a nameplate bearing the son's nickname. These facts, if credited by the trial judge, would negate the mother's claim. See United States v. One 1976 Lincoln Continental Mark IV, 584 F.2d 266 (8th Cir.1978); United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897 (8th Cir.1977); see also In re Forfeiture of 1979 Lincoln Continental, 405 So.2d 249 (Fla.3d DCA 1981).
Since the record contains substantial, competent evidence to support the trial court's holding, the final judgment of forfeiture is
AFFIRMED.
BARKETT, ROSEMARY, and WESSEL, JOHN D., Associate Judges, concur.
NOTES
[1] See generally Duckham v. State, 478 So.2d 347 (Fla. 1985).