DOWNEY, Judge,
dissenting.
I do not believe that there is substantial competent evidence in this record to support a finding that Mary McCaffrey made reasonable inquiry to assure that the property in question here was not employed or not likely to be employed in criminal activity-
These proceedings were commenced by appellants, the City of Pompano Beach, Florida, and the Pompano Beach Police Department pursuant to Chapter 932, Florida Statutes (1985), to obtain the forfeiture of one 1984 Chevrolet pickup truck owned by Andrew McCaffrey and Mary McCaffrey, his wife.
The complaint alleged that Andrew operated said motor vehicle on February 10, 1986 in the City of Pompano Beach in violation of said chapter in that said vehicle was used to possess or conceal or transport or convey illegal drugs. As a result, the truck was seized and appellant claims the property should be forfeited for the use of the Pompano Beach Police Department. Issue was joined and the matter was tried before the court resulting in the judgment for appellees, McCaffrey, from which appellant has perfected this appeal.
The evidence adduced at trial reflects that Andrew had advised his wife some five months prior to his arrest that he was a cocaine addict in need of professional help. Thereafter, Andrew was institutionalized for narcotics rehabilitation for a period of approximately twenty-eight days. Upon his return home he commenced attending Narcotics Anonymous meetings regularly using the truck in question as transportation. On the night of his arrest and the seizure of the truck by the Pompano police, Andrew had attended a Narcotics Anonymous meeting. Around 2:00 a.m. Officer Ryan noticed Andrew driving his truck very slowly in a predominantly black, high-crime, drug area of Hammondville Road. He was conversing with a young black female as he drove along the road. Officer Ryan asked Andrew what was going on and he replied that he was looking for a woman who owed him some money. However, he could not identify the woman by name or address so Ryan advised him for his own safety to leave the area. Not long thereafter, at the end of his shift, Ryan passed Andrew heading back toward the same area with the same black female in the truck. In attempting to stop him, Ryan noticed a struggle going on in the cab of Andrew’s truck and as he slowed down, the female passenger jumped out. Andrew was stopped and arrested for abduction and both he and his truck were searched. Cocaine rocks were found on his person and a large amount of drug paraphernalia was found in the truck.
It was further determined from the evidence that Andrew’s Narcotics Anonymous meetings were held from 8:00 p.m. to 9:30 p.m. However, Andrew had been returning home in the early morning hours. If Mary inquired as to his whereabouts he told her he had been having coffee and donuts with some of the other Narcotics Anonymous members. That is about the substance of Mary’s inquiry into Andrew’s activities vis-a-vis his nocturnal use of the truck. It was brought out that, as a result of Andrew’s drug addiction, Mary had changed all of their bank accounts and the title to the car she drove from their joint *276 names to her name alone, because she did not want to chance their dissipation in the event Andrew was unsuccessful in effecting a cure of his drug dependency. She did nothing toward restricting his use of the truck during the rehabilitation period, nor did she make any independent inquiry as to his progress in that regard. Even her inquiry regarding his late night whereabouts was superficial. Her explanation was that she understood it was counterproductive to rehabilitation to keep too close tabs on a person in these circumstances.
These proceedings were conducted pursuant to Chapter 932, Florida Statutes. Subsection 703(2) thereof provides in pertinent part:
Property titled or registered jointly between husband and wife by use of the conjunctives “and,” “and/or,” or “or” shall not be forfeited if the coowner establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was employed or was likely to be employed in criminal activity.
Case law holds that the innocent owner of a motor vehicle has the burden to prove by a preponderance of the evidence that he did not know nor should he have known after a reasonable inquiry that the property was employed or likely to be employed in criminal activity. Gross v. City of Wilton Manors, 487 So.2d 303 (Fla. 4th DCA 1986). Pursuant to the above statutory directive, the innocent co-owner spouse has the same burden of proof.
Of course, whether the non-offending co-owner has “done enough” to constitute reasonable inquiry will vary from case to case. For example, in United States v. One 1973 Buick Riviera Automobile, VIN 4 Y87U3H548756, 560 F.2d 897 (8th Cir. 1977), we find the following characterization of activity which was “not enough”:
In appellant’s supplemental brief, filed at our request, he admits that his son had been previously arrested, but not convicted, for a narcotics offense. In such circumstances, appellant was on notice of the possibility that his son was involved with narcotics. Moreover, he allowed his son to operate the Buick, apparently with little restriction, and there is neither allegation nor suggestion that appellant did anything to prevent the proscribed use of his property.
Id. at 901.
In another federal case, United States v. One 1971 Chevrolet Corvette Automobile, VIN 194371S119217, 393 F.Supp. 344 (E.D. Pa.1975), the court put it this way:
[I]t is clear that Mrs. Fisher did not take all steps that could reasonably be expected to prevent her husband from using the vehicle for illicit purposes. Her testimony was that she did permit her husband to use the vehicle and that she even gave him a set of keys for his use. In light of the husband’s criminal background, this would have been enough to warrant forfeiture of her vehicle.
Id. at 348.
In finding and holding that Mary did not know nor should she have known after reasonable inquiry that Andrew was using the truck to promote his drug dependency, the trial court expressly relied upon Wheeler v. State, 472 So.2d 847 (Fla. 1st DCA 1985). However, the case is inapposite because there the innocent owner did not know and she was not chargeable with facts which put her on notice to make inquiry whereas, in the present case, Mary was fully apprised of Andrew’s addiction for which he had twenty-eight days’ institutional treatment and follow-up help via Narcotics Anonymous. This scenario, even without a statutory mandate, should have put a reasonable person on inquiry to determine whether Andrew was misusing the truck. It is noteworthy that with that knowledge, Mary had the foresight to get Andrew’s name off of their joint bank accounts and the title to the car she used but she made no inquiry whatsoever to inform herself whether Andrew was using the truck properly except to ask him where he’d been when out all hours of the night. When he replied he had been having donuts and coffee with Narcotics Anonymous members she did nothing more. Therefore, it seems to me that the record does not support a finding that Mary, as co-owner of *277 the vehicle, carried her burden of showing reasonable inquiry.
Accordingly, I would reverse the judgment appealed from and remand the cause for entry of a judgment of forfeiture.