PER CURIAM.
Yanula Cobbs has appealed from a final judgment of forfeiture of a motor vehicle, a 1987 Chevrolet, VIN # 1G1JF11W7H7159637, entered by the trial court pursuant to the Florida Contraband Forfeiture Act (Act), sections 932.- *1323 701-704, Florida Statutes (1989). We reverse.
At all pertinent times, appellant Yanula Cobbs held the certificate of title to the subject motor vehicle. On June 12, 1991, her son, Christopher, used the vehicle to facilitate the commission of a felony, after which it was seized by the appellee sheriff under the Act (a motor vehicle which has been employed as an instrumentality in the commission of any felony may be seized and shall be forfeited subject to the provisions of the act).
Following the seizure of the vehicle, the state attorney proceeded against it in circuit court by rule to show cause, as prescribed in section 932.704(1), Florida Statutes. After a hearing (which was not transcribed), the trial court ordered the forfeiture of the vehicle to the appellee. The court found that Yanula Cobbs did not exercise reasonable care that her vehicle would not be used in criminal activity. He further found that, although the vehicle was titled to Yanula Cobbs, she was “merely the de jure owner for insurance purposes only,” effectively holding that Christopher was the de facto owner of the car.
Section 932.703(2), Florida Statutes, provides that “[n]o property shall be forfeited under [this statute] if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity” (emphasis supplied). The statute does not define “owner,” but the Supreme Court has held that the term “with respect to motor vehicles being forfeited under the Florida Contraband Forfeiture Act is limited to one who has obtained a title certificate pursuant to chapter 319.” Lamar v. Wheels Unlimited, Inc., 513 So.2d 135, 137 (Fla.1987) (emphasis supplied). This definition does not admit of the de jurel de facto distinction drawn by the trial court. Based on the finding that Yanula Cobbs was the holder of the title certificate, we find as a matter of law that she was the “owner” herein for purposes of section 932.703(2).
However, an owner may be ordered to forfeit his property if he has actual or constructive knowledge that it was, or was likely to be, employed in criminal activity. In Gross v. City of Wilton Manors, 487 So.2d 303 (Fla. 4th DCA 1986), the court held that a registered title holder abdicated claim to her vehicle when she gave her son total use thereof before commission of the forfeiting felony. However, the title holder also “realiz[ed] that her son was likely to use the vehicle for criminal purposes.” Gross at 303.
The trial court did not make a similar finding as to Yanula Cobbs, but rather found only that she did not “use reasonable care to see that her son did not use the car for criminal purposes.” This finding does not meet the statutory requirement of actual or constructive knowledge that the property was employed or likely to be employed in criminal activity, and forfeiture was improperly ordered based thereon.
Because the trial court erred in finding that Yanula Cobbs was not the “owner” of the subject vehicle, within the meaning of section 932.703(2), and because it made no finding that she had the requisite knowledge of the use of that vehicle for criminal purposes, the final judgment of forfeiture herein was improperly entered, section 932.703(2), Florida Statutes, and is hereby reversed.
JOANOS, C.J., and WOLF and KAHN, JJ., concur.