639 F.2d 212
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1977 CHEROKEE JEEP, VIN J7A17MP116712, Bonnie Jones
Lopez, David Lopez, Jr., Richard L. Lopez, Bonnie
Lindan Lopez, and Daniel Dario Lopez,
Defendants-Appellants.
 No. 80-1121.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A
 March 9, 1981.
 Knox Jones, Kyle B. Welch, McAllen, Tex., for defendants-appellants.
 Jamie C. Boyd, U.S. Atty., Jeremiah Handy, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before RUBIN and GARZA, Circuit Judges and SPEARS,* District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a forfeiture, pursuant to 21 U.S.C. § 881, of a Cherokee Jeep used for the transportation of illegal drugs. Appellants, the widow and children of the offender, contend that because their husband and father died intestate during the commission of the offense, his community property interest in the vehicle passed to them prior to the initiation of the contested forfeiture proceeding. It is undisputed that Bonnie Lopez, the widow, was not involved in the unlawful transactions culminating in her husband's death. Therefore, appellants argue, this forfeiture violated the due process clause of the Constitution. We disagree.
 
 
 2
 The Supreme Court, in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), upheld the application of forfeiture statutes to innocent owners, but commented:
 
 
 3
 It ... has been implied that it would be difficult to reject the constitutional claim .... of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property ....
 
 
 4
 Id. at 689-90, 94 S.Ct. at 2094-95. However, the district court here found that the widow of the decedent had suspected her husband of having been involved for some time in illicit drug activity. This finding is not clearly erroneous. See, e. g., United States v. Graves, 428 F.2d 196, 200 (5th Cir. 1970). It is a reasonable inference that she was aware that the jeep was being used in furtherance of this activity. In view of this we need not consider the more difficult question what a wife might reasonably do to prevent her husband from using community property or whether, indeed, the situation is controlled by the Calero-Toledo dicta, if one spouse is using community property for the proscribed use.
 
 
 5
 Under the circumstances, it is unnecessary to discuss the effect of the community property laws upon this forfeiture proceeding. Perhaps there could be cases where it would be appropriate to address that issue, but this is not one of them.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 District Judge of the Western District of Texas, sitting by designation