STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ONE (1971) DATSUN, TWO DOOR COUPE, MAROON, SERIES HLS3029479, NEW JERSEY REGISTRATION 337–PPV, DEFENDANT, AND JOHN V. LAGGY, SR., LEGAL OWNER AND RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 7, 1983—Decided March 24, 1983.

Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.

*Michael G. Brennan* argued the cause for appellant *John V. Laggy, Sr.* (*Wallace, Brennan & Perrin,* attorneys).

*Mary Jane Cooper,* Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman,* Attorney General, attorney).

The opinion of the court was delivered by

GAULKIN, J.A.D.

On this appeal from a final judgment directing forfeiture of a Datsun automobile (*N.J.S.A.* 2C:64–1 *et seq.*), appellant John V. Laggy, Sr., the owner of the automobile, urges that *N.J.S.A.* 2C:64–1 is "invalid on its face" because it is "unconstitutionally overbroad." He suggests that the constitutional infirmity can be "avoided" by interpreting the statute to prohibit forfeiture "when the property is used in the commission of a criminal offense without the owner's knowledge."

We find nothing in the language of *N.J.S.A.* 2C:64–1 to suggest that the Legislature intended to allow forfeiture of property only from "guilty" owners. To the contrary, *N.J.S.A.* 2C:64–1(a)(2) is broadly inclusive, permitting "any interest in the following" to be "subject to forfeiture":

> All property which has been, or is intended to be, utilized in furtherance of an unlawful activity, including, but not limited to, conveyances intended to facilitate the perpetration of illegal acts, or buildings or premises maintained for the purpose of committing offenses against the State.

Any arguable uncertainty as to the legislative intent is resolved by consideration of *L.*1981, c. 290, § 50, effective Sep-

tember 24, 1981, which amended *N.J.S.A.* 2C:64–5 by excising its former provision that the rights of any person holding an interest in property shall not be affected by forfeiture "unless it shall appear that such person had knowledge of or consented to any act or omission upon which the right of forfeiture is based." *Cf. State v. One (1) Ford Van Econoline,* 154 *N.J.Super.* 326, 335 (App.Div.1977), certif. den. 77 *N.J.* 474 (1978).

The statute as thus construed is not facially unconstitutional. *See Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 *U.S.* 663, 94 *S.Ct.* 2080, 40 *L.Ed.*2d 452 (1974), reh. den. 417 *U.S.* 977, 94 *S.Ct.* 3187, 41 *L.Ed.*2d 1148 (1974). Whether the statute can be constitutionally applied in any of the factual settings hypothesized by appellant is not a question appropriately addressed by us in this litigation. *See Town Tobacconist v. Kimmelman,* 186 *N.J.Super.* 449, 459 (App.Div.1982), certif. granted 91 *N.J.* 248 (1982).

■ We find, however, that the record is insufficient to support the forfeiture ordered. The complaint filed by the prosecutor alleged that the vehicle "had been used in furtherance of . . . the transportation for sale of a controlled dangerous substance"; that the vehicle had been seized "consequent to the arrest" of three named persons for controlled dangerous substances offenses; that the arrests took place in a commercial parking lot and that the controlled dangerous substances had been transported to the parking lot in the vehicle. Although the complaint was required by *N.J.S.A.* 2C:64–3(b) to be "verified on oath or affirmation," the affidavit of the prosecutor set forth simply that the facts of the complaint "are true to the best of my knowledge and belief." Such a "verification" is a nullity. *See Lippmann v. Hydro-Space Technology, Inc.,* 77 *N.J.Super.* 497, 503–504 (App.Div.1962). The answer filed on behalf of appellant, also defectively "verified" (*N.J.S.A.* 2C:64–3(d)), "left [the State] to its proofs concerning the allegations" of the complaint. That response constituted a denial of all of the allegations of the complaint. *R.* 4:5–3. Yet none of the facts

thus put at issue were determined at the hearing below, and the present record is accordingly wholly barren of proofs upon which a forfeiture could be based. See *N.J.S.A.* 2C:64–3.

The judgment under review is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.