**In re Sharon MART a/k/a Sharon Nathanson Mart, Jeffrey Michael Mart, Debtors.**

**CHICAGO TITLE INSURANCE COMPANY, INC., Plaintiff,**

v.

**Sharon Nathanson MART and Jeffrey Michael Mart, Defendants.**

**Bankruptcy Nos. 87–00119–BKC–TCB, 87–00992–BKC–TCB. Adv. No. 87–0217–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

June 22, 1987.

Harry Lewis, Holland & Knight, Miami, Fla., for plaintiff.

Gary I. Zwickel, West Palm Beach, Fla., for defendant Sharon N. Mart.

Kenneth Rappaport, Boca Raton, Fla., for defendant Jeffrey M. Mart.

Irving E. Gennet, Boca Raton, Fla., Trustee.

Theodore Jewell, South Palm Beach, Fla., for trustee Douglass E. Wendel (Beacon 21 Development Corp.).

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The two debtors identified above are husband and wife living together. Their separate bankruptcy cases have been administratively and substantively consolidated. Their largest creditor, Chicago Title, has filed this adversary complaint seeking denial of discharge to each debtor under 11 U.S.C. § 727(a) and, alternatively, exception from discharge for Chicago Title's claim under § 523(a). In addition, the complaint seeks denial of the homestead exemption claimed by the debtors on their marital residence in Martin County. Each debtor has answered. The matter was tried on May 19.

The trustee in a third related bankruptcy case, Beacon 21 Development Corporation, Inc., Case No. 86–00888, has intervened in this action as a plaintiff, adopting the allegations, proof and argument made by the plaintiff and accepting the answers filed as having also been filed in response to the trustee's complaint.

### Husband's Discharge

The discharge of the debtor husband, Jeffrey, is opposed under § 727(a)(2), (3), (4), (5), (6) and (7), six of the ten statutory grounds for the denial of a discharge. Because I find and conclude that this debtor's discharge must be denied under § 727(a)(7), no useful purpose would be served by further consideration of plaintiff's alternative grounds, either for denial of discharge or for exception from discharge.

The debtor husband has been the president, a director and the owner of 40% of the capital stock of Beacon 21 Development Corporation, Inc., which filed for bankruptcy on March 28, 1986. That case has not yet been concluded. The debtor has been an "insider" of that corporation throughout the year preceding the filing of his bankruptcy and continuously thereafter to the present. § 101(28)(B)(ii).

Under § 727(a)(7) the transfer by an insider of any property of the corporation with intent to hinder, delay, or defraud a creditor of the corporation during the bankruptcy or within one year preceding bankruptcy is a ground for the denial of discharge.

■ I find that the debtor husband transferred substantial sums of money owned by the corporation during the year preceding his bankruptcy to himself and to family-owned and controlled entities with intent to hinder, delay, or defraud the plaintiff and other creditors of the corporation.

Section 727(a)(2)(A) denies a discharge to a debtor who:

"with intent to hinder, delay, or defraud a creditor ... has transferred ... (A) property of the debtor, within one year before the date of the filing of the petition."

Plaintiff has proved that this debtor, while serving as the president and closing attorney of the corporation and as the issuing attorney for title insurance policies underwritten by plaintiff, delivered deeds, "no lien" affidavits and title insurance policies in connection with his closing of 33 units in the corporate borrower's condominium project, concealing his failure to get either a satisfaction or release from the underlying mortgage indebtedness held by a third party. The proceeds of these closings were converted by him to his own use or to family-owned and controlled entities. He has consented to a judgment claim of the plaintiff against him in the amount of $3 million. These defalcations represent about $2.3 million of that sum.

During March 1986, less than two weeks before the corporate bankruptcy, the debtor husband borrowed $300,000 in the name of the corporation from a savings and loan association, pledging as collateral property no longer owned by the corporation, and thereafter also transferred those proceeds to another real estate development project owned and controlled by the debtor's family.

The records produced by the debtor to account for the foregoing defalcations are incomplete. Although the burden is on plaintiff to prove each element necessary to denial of discharge, this does not obviate the necessity that the debtor provide a sat-

isfactory explanation of the loss of his assets, in this case the disposition of the money he took from the corporation. *First Texas Savings Assoc., Inc. v. Reed (Matter of Reed)*, 700 F.2d 986, 992 (5th Cir.1983). Furthermore, the failure of a party to provide evidence peculiarly available to that party supports the inference that the truth revealed by that evidence would be damaging to the party. *International Union (UAW) v. N.L.R.B.*, 459 F.2d 1329, 1335 (D.C.Cir.1972); *Allstate Finance Corp. v. Zimmerman*, 330 F.2d 740, 744 (5th Cir. 1964). I have no hesitancy, therefore, in finding from this record that the property converted by this debtor was substantial and probably in the total amount of at least $2.6 million. For the purposes of § 727(a)(7) it is not necessary that the amount be determined. It is necessary only that the amount not be so small as to negative any intent to hinder, delay or defraud creditors.

As an affirmative defense, this debtor has asserted that during the period between February 1985 and November 1986 because of drug and alcohol addiction he lacked the ability to form the requisite intent alleged by the plaintiff. I find, however, that the debtor's faculties were not so impaired as to render him incapable of distinguishing between right and wrong.

The debtor has also claimed that the transfers summarized above were the result of negligence of those who worked with and for him. The evidence does not support this contention.

■ Finally, the debtor argues that plaintiff is collaterally estopped by the consent judgment rendered against both debtors in favor of the plaintiff in the amount of $3.3 million. The elements of collateral estoppel which must be proved in order to foreclose relitigation of an issue of fact or law in this type of case are stated in *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir.1986). One of the four requirements is that:

> "the issue must have been actually litigated in the prior suit."

I do not find any evidence that any factual or legal issue involved in this decision was actually litigated in the prior case which resulted in a consent judgment.

## Wife's Discharge

■ Plaintiff has alleged that the discharge of the debtor wife should be denied under § 727(a)(2)(A) because she "acted jointly and in collusion with" her husband and "conspired and colluded" with him in the conversion summarized above. (¶¶ 9 and 10).

The wife is a first grade teacher and a former Sunday school teacher. She never was an officer, director, nor shareholder, nor did she have signature authority for any bank account nor was she ever an employee of Beacon 21 or any of the eleven other entities through which the debtor husband and his family did business. I find that the plaintiff has failed to prove its allegations that the defendant wife colluded or conspired with her husband in the respects alleged.

The fraudulent intent of a husband is not necessarily imputed to his wife from the fact that the wife derived a benefit from her husband's conduct, even if the wife had knowledge of his misconduct, which I do not believe to be the case in this instance. The evidence presented by the plaintiff is insufficient in this instance. As was said in Reed, *supra* at 993, in affirming a decision upholding the wife's discharge under somewhat similar circumstances:

> "the Code does not allow attribution of intent from spouse to spouse."

Plaintiff's allegations (¶ 14) under § 727(a)(7) are made against the wife through the addition of the following allegation:

> and in which Defendant SHARON N. MART, wife of JEFFREY M. MART, participated".

This allegation has not been proved for the same reason the charges under § 727(a)(2) have not been proved.

Alternatively, plaintiff has alleged (¶¶ 10 and 11) that its claim should be excepted from the discharge of the debtor wife under § 523(a)(2)(A). I find no evidence that this debtor obtained anything from the

plaintiff by false pretenses, a false representation, or actual fraud.

The plaintiff has argued additional grounds for denial of or exception to Sharon's discharge, which it failed to allege in its complaint. Plaintiff has not moved for nor would I permit the amendment now of its pleadings to conform to the evidence. In view of the year's investigation by the plaintiff which preceded this case, and the voluminous allegations made and evidence offered by the plaintiff, I believe that plaintiff should be limited in this instance to the allegations properly made in the complaint.

### The Exemption

Plaintiff challenges the debtors' claimed exemption of their home as a homestead under the Florida Constitution, Article X, Section 4.

Plaintiff's contention is that because some or all of the funds used to build the home were fraudulently obtained by the debtor husband, "the homestead is tainted" and the exemption must be denied. The argument is based upon the principle stated in *Mansell v. Carroll*, 379 F.2d 682, 685 (10th Cir.1967):

> "The homestead exemption is for the benefit of the family and the protection of the family home. It was never intended as a device to effectuate frauds and a court of equity should not countenance any wrongful use of the homestead right."

This statement was made by the court in upholding a judgment in favor of a bankruptcy trustee avoiding the fraudulent transfer of property as against the contention that the homestead exemption insulated the property from the trustee's action.

Under appropriate circumstances, a constructive trust may be imposed as a lien upon homestead property, where fraudulently obtained proceeds can be traced and can be shown to have been used in the purchase or construction of homestead property, notwithstanding the homestead character of the property. *Roemelmeyer v. Vidana (In re Vidana)*, 19 B.R. 787 (Bankr.S.D.Fla.1982). The relief in such cases is limited to the funds actually traced.

However, I am aware of no Florida decision nor has plaintiff identified any decision from any jurisdiction which denies a homestead exemption entirely based upon proof that a part of the purchase price was obtained fraudulently by one or both parties claiming the homestead exemption. I reject plaintiff's argument that this homestead exemption should now be denied under B.R. 4003(b) upon a showing that a part of the cost of constructing the debtor's marital home was fraudulently obtained. For the purposes of this discussion, I shall assume that plaintiff has proved that allegation.

This is not an action to avoid and recover a fraudulent transfer. No such action is presently pending. I intend to abstain from hearing and determining such an action, whether brought by the plaintiff creditor or the corporate trustee. That action can and should be brought in the State court under the Uniform Fraudulent Conveyance Act which is in effect in Florida. The State court could then determine the propriety under State law of impressing a trust on this homestead property and could fix the amount of recovery. These issues are entirely governed by State law. The remedy for plaintiff and the corporate trustee in the State court is at least equivalent to the remedy available under 11 U.S.C. § 548(a)(1) or (2). The standard of proof required in the State court is, if anything, more lenient than is required in this court.

I have not overlooked, of course, the fact that § 548(a)(2) provides a cause of action for constructive fraud. However, the Florida decisions under the State statute would produce the same result from the same proof necessary for recovery under § 548(a)(2).

The foregoing denial of the objection to exemption is without prejudice to any relief or determination which might be made by the State court in an action to recover an alleged fraudulent conveyance.

As is required by B.R. 9021(a), a separate judgment will be entered denying the discharge of the debtor husband, dismissing

the complaint as to the debtor wife and denying without prejudice the objection to the debtors' claimed homestead exemption.