619 A.2d 668

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. ONE
1985 FORD BRONCO, NEW JERSEY REG. NO. EUN–91K,
(ROBERT NEWELL, JR.), DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 9, 1992—Decided February 1, 1993.

Before Judges KING, LANDAU and THOMAS.

*Paul E. Newell* argued the cause for appellant (*Friedman, Newell & Kass–Viola* attorneys; *Mr. Newell* on the brief).

*Mark P. Stalford,* Assistant Prosecutor, Monmouth County argued the cause for respondent (*John Kaye,* Monmouth County Prosecutor, attorney; *Mr. Stalford* on the brief).

The opinion of this court was delivered by

**THOMAS, J.A.D.**

Robert Newell, Jr. appeals from a trial judge's ruling forfeiting his 1985 Ford Bronco to the State. The basis of the decision was the judge's finding that the Bronco was "utilized in furtherance of" or "intended to facilitate" an unlawful activity within the meaning of *N.J.S.A.* 2C:64–1(a)(2).

On September 3, 1989, appellant Robert Newell, Jr., his brother, and some friends drove in the subject Bronco to Wall Stadium to watch stock car races. They arrived early so they went "four-wheeling" in the Bronco at a nearby gravel pit. After an hour of this sport, they drove back to the stadium and parked. Appellant and two others later returned on foot to the gravel pit and inflicted $40,000 in damages to construction equipment.

Later arrested, appellant pled guilty to third degree criminal mischief, contrary to *N.J.S.A.* 2C:17–3a(1) and was sentenced to five years probation, 150 hours of community service, fined $1,000, given a Violent Crimes Compensation Board penalty of $30 and ordered to make $13,500 restitution. He has been making periodic payments on his fine and restitution. The Bronco which appellant drove to Wall Stadium was also declared forfeit by the Prosecutor's Office.

These issues are raised on this appeal:

*POINT ONE*

The Language of the Forfeiture Statute Requires a Close Causal Relationship Between the Forfeited Property and the Unlawful Activity.

*POINT TWO*

There was Not a Sufficiently Close Relationship Between the Ford Bronco and the Criminal Mischief to Make Forfeiture Appropriate.

    A. The Relationship between the Bronco and the Criminal Mischief is Incidental.

    B. A "Substantial Connection" Between the Property and the Unlawful Activity is Required Before Forfeiture is Appropriate.

The forfeiture statute, *N.J.S.A.* 2C:64–1(a)(2), states in pertinent part:

Property subject to forfeiture

(a) Any interest in the following shall be subject to forfeiture and no property right shall exist in them:

. . . .

(2) All property which has been, or is intended to be, *utilized in furtherance of an unlawful activity,* including, but not limited to, conveyances intended to facilitate the perpetuation of illegal acts, or buildings or premises maintained for the purpose of committing offenses against the State. (Emphasis added.)

Appellant contends that "because there is no such connection between [his] Ford Bronco and the criminal mischief committed, the forfeiture of the vehicle is improper and inappropriately extends the statute beyond its purpose." We agree and reverse.

■ First, it is necessary to restate that forfeitures are not favored in the law. *State v. One (1) 1979 Chevrolet Camaro Z-28,* 202 *N.J.Super.* 222, 229, 494 *A.*2d 816 (App.Div.1985); *State v. One 1979 Pontiac Sunbird,* 191 *N.J.Super.* 578, 584, 468 *A.*2d 715 (App.Div.1983); *State v. One (1) Ford Van Econoline,* 154 *N.J.Super.* 326, 331–332, 381 *A.*2d 387 (App.Div. 1977), *certif. denied,* 77 *N.J.* 474, 391 *A.*2d 489 (1978). Further, the statute must be strictly construed, " '[i]n a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation.' " *State v. One (1) Ford Van Econoline, supra,* 154 *N.J.Super.* at 332, 381 *A.*2d 387 (citation omitted).[1]

■ Before property can be forfeited, a judge must find that it was "utilized in furtherance of an unlawful activity" which may include "conveyances intended to facilitate the perpetuation of illegal acts." *N.J.S.A.* 2C:64–1(a)(2). While this phrase is not defined, we held in *State v. One (1) 1979 Chevrolet Camaro Z-28, supra,* 202 *N.J.Super.* at 231, 494 *A.*2d 816, that this means there must be a relationship between the subject instrumentality and the unlawful activity.

---

1 For a historical overview of the origin of forfeiture and the reaffirmance of the above rules of application, see Justice Pollack's opinion in *State v. 1979 Pontiac Trans Am, Color Grey,* 98 *N.J.* 474, 479–481, 487 *A.*2d 722 (1985).

In *Camaro Z-28*, after a long investigation, the State obtained a warrant to search defendant, his home and his car. Large quantities of drugs were found at defendant's home but only a small quantity on his person or in the car. Possession of the small drug amounts were disorderly persons offenses which we held were wrongdoings for which forfeiture does not apply. *Id.* at 230, 494 *A*.2d 816. No evidence was developed that defendant actually had used his car to facilitate the drug distribution, the only indictable offense with which he was charged. We, therefore, concluded that the "use of the Camaro was not shown to bear any relationship with the unlawful [i.e. indictable] ... activities." *Id.* at 231, 494 *A*.2d 816. Adopting language from the opinion of this court, the Supreme Court confirmed the application of this principle when it ruled that there must be "a direct causal relationship between the use of the property and the unlawful activity." *State v. One 1986 Subaru*, 120 *N.J.* 310, 320, 576 *A*.2d 859 (1990). This relationship was earlier described by us in *Ben Ali v. Towe*, 30 *N.J.Super.* 19, 22, 103 *A*.2d 158 (App.Div.1954), as "causal" not "casual" in aid of the crime.

With these principles in mind, we cannot hold that the use of the subject Bronco was directly causally related to the vandalism. The State argues that, "no other conclusion can be reached other than defendant-appellant observed the construction vehicles in the gravel pit while 'four-wheeling'." If the State's generous construction of causation and forfeiture is correct, almost anything is the subject of forfeiture, including one's shoes and clothing. Here, the vehicle was casual to, not causal of, the illegal activity. The Bronco was not used to batter defendant's way into the yard where the construction vehicles were stored, nor was it used as the instrument of damage. The most that can be said of its relationship to the crime was that it was the means of conveyance to a nearby but non-related lawful activity at Wall Stadium. The State did not develop any pre-existing intent to vandalize, using the Bronco as the means of transportation to the gravel pit.

The Attorney General has recently adopted forfeiture guidelines in 1992 which include the following instruction:

In the case of instrumentalities, the degree to which the instrumentality is employed in any criminal transaction or enterprise, the importance of the instrumentality to accomplishing the illegal end and the nature and seriousness of the illegal activities should all be evaluated in determining whether the forfeiture remedy should be employed to its full limit.

[*Guidelines for Forfeiture*, N.J. Att'y Gen. Guideline No. 3 (1992).]

In this case, the first two parts of the three-part analysis clearly do not support forfeiture in the case before us.

We find that the defendant's Bronco was not sufficiently used in the "furtherance of an unlawful activity" and reverse the ruling granting forfeiture.