**In re Thomas J. SAVAGE and Judith M. Savage, Debtor.**

**FIRST USA, INC., Plaintiff,**

v.

**Thomas SAVAGE, Defendant.**

**Bankruptcy No. 93–11828–9P7.**
**Adv. No. 94–96.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 28, 1994.

Kevin P. O'Brien, Tampa, FL, Mark A. Cronin, Becket & Watkins, Malvern, PA, Patti W. Woodruff, Alan P. Woodruff & Associates, Cape Coral, FL, for plaintiff.

Herbert A. Fried, Fort Myers, FL, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Complaint filed by First USA, Inc. (Plaintiff) against Thomas Savage (Debtor) seeking a determination that the debt due and owing the Plaintiff by the Debtor is nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. In due course, the Debtor filed an Answer in which he asserts an affirmative defense that he did not incur any liability with the Plaintiff. The Plaintiff and the Debtor both filed Motions for Summary Judgment alleging that no material issue of fact exists and that each is entitled to judgment in its favor as a matter of law. The facts relevant to resolution of the cross-motion for summary judgment are, in fact, without dispute and are as follows:

In March, 1993 the Debtor received a pre-approved acceptance certificate for a First USA Bank Visa card. The Certificate was addressed to Thomas J. Savage, and did not include his wife's name. The Certificate pre-approved the Debtor for a credit line of $5,000.00. The Certificate requested certain information from the Debtor, including his social security number and annual income, and required his signature on the card. It is undisputed that Mrs. Savage completed the information on the Certificate and signed her

husband's name on the Certificate. She also requested a second card in her name. In due course, a First USA Visa Gold card was issued to the Debtor with a credit line of $5,000.00, and a second card was issued in Mrs. Savages' name, giving her authority to use the account.

On May 21, 1993, Mrs. Savage wrote a convenience check on the First USA Gold card account in the amount of $5,000.00. Although she was authorized to use the account, Mrs. Savage signed her husband's name to the check. The check was made payable to Chemical Bank to transfer the existing balance on a Chemical Bank credit card to the First USA card account.

Based upon these facts, the Debtor contends that his wife handled all the financial responsibilities for the family since the time of the marriage. Since she executed the application and the convenience check, albeit in his name, he could not have formed the intent to commit fraud and therefore, the debt should be determined to be dischargeable. In opposition, the Plaintiff contends that Mrs. Savage acted as an agent of the Debtor and the fraud claimed to have been committed by her should be imputed to the Debtor based on this claimed agency relationship.

Section 523(a)(2)(A) provides in pertinent part as follows:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Section 523 requires a showing by the creditor that the debtor obtained money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation or actual fraud. In the context of credit card abuse, the Courts have generally inferred

actual fraud where the debtor used the credit card without an intent to repay the obligation, or when he knew or should have known he lacked the ability to repay the obligation. Since it is undisputed that the entire transaction under scrutiny was conducted solely and only by Mrs. Savage and not the Debtor, neither at the behest of the Debtor nor at his direction and approval, the question remains whether or not the alleged fraud committed by Mrs. Savage can be imputed to Mr. Savage solely on the marriage relationship.

■ In the matter of *Chicago Title Insurance Co. v. Mart*, 75 B.R. 808 (Bankr. S.D.Fla.1987) the court addressed the issue of imputing fraud upon a spouse in an action brought under both § 523(a)(2)(A) and § 727(a)(2)(A), stating:

The fraudulent intent of a husband is not necessarily imputed to his wife and the fact that the wife derived a benefit from her husband's conduct, even if the wife had no idea of this misconduct ... the evidence presented by the plaintiffs is insufficient in this instance.

The *Mart* court relied upon the Fifth Circuit clear enunciation on this issue in *In the Matter of Reed*, 700 F.2d 986 (5th Cir.1983) in which they stated:

The Code does not allow attribution of intent from spouse to spouse.

*cf. United States v. One 1977 Cherokee Jeep*, 639 F.2d 212 (5th Cir.1981). Without specific evidence as to the spouse's specific actions, fraud cannot be imputed. *In re Espino*, 48 B.R. 232 (Bankr.S.D.Fla.1985). This leaves for consideration whether or not Mrs. Savage acted as an agent, a point not without serious doubt and, if so, may a fraud committed by an agent be imputed to the principal and under what circumstances.

■ A fraud by an agent can be imputed to the debtor to except a debt from the discharge pursuant to § 523(a)(2)(A). *In re Powell*, 95 B.R. 236 (Bankr.S.D.Fla.1989); *aff'd* 108 B.R. 343 (S.D.Fla.1989) *aff'd* 914 F.2d 268 (11th Cir.1990). Courts have in fact imputed liability under § 523 fraud of one spouse to the other spouse based on an agency relationship. *See, e.g. Matter of Luce*, 960

F.2d 1277 (5th Cir.1992); *In re Paolino*, 75 B.R. 641 (Bankr.E.D.Pa.1987); *In re Walker*, 726 F.2d 452 (8th Cir.1984). These cases however can be easily distinguished by recognizing that in each of the cases, although involving a husband and wife, also involved some sort of business or partnership relationship between the husband and wife. In those cases, then the spouse, either husband or wife, held him or herself out to be an agent for the other spouse in the context of this business relationship, and clearly making the agency relationship easier to establish. Neither independent nor research by counsel located any authority to support the proposition that under the laws of this State there is a presumption that husband and wife are agents to each other based simply by virtue of their marriage. All courts have required an additional factual showing to establish that one was acting as the agent of another.

■ In the present instance, it is undisputed that Mrs. Savage had forged her husband's name on the Certificate and on the convenience check. The record is devoid of any evidence to show that the wife held herself out to the Plaintiff to have the authority to act as the Debtor's agent. Without such specific evidence to establish an agency relationship between this Debtor and his wife, the wife's fraud, if in fact it is established by the Plaintiff, cannot be imputed upon the Debtor.

Based on the foregoing this Court is satisfied that based on this record there is no genuine issues of material fact and the plaintiff is not entitled to a summary judgement in its favor and, therefore, its motion should be denied. The Court is equally satisfied that the Debtor is entitled to a judgment in his favor and that his motion should be granted.

A separate final judgment will be entered in accordance with the foregoing.